

U.S. Department of Justice

Tax Division

*Please reply to: Appellate Section*

Facsimile No. (202) 514-8456  P.O. Box 502
Telephone No.(202) 514-3361  Washington, D.C. 20044

FMU:JMR:ICDale
5-71-3294
CMN 2021100798　　　　　　　　　　　　　　　August 2, 2023

<u>VIA CM/ECF</u>

Deborah S. Hunt, Esquire
Clerk of Court
United States Court of Appeals for the Sixth Circuit
Potter Stewart U.S. Courthouse
100 East Fifth Street, Room 540
Cincinnati, Ohio 45202-3988

　　　　Re:　Joshua Jarrett, et al. v. United States
　　　　　　　(6th Cir. – No. 22-6023)

Dear Ms. Hunt:

　　　　We submit this Rule 28(j) response regarding Rev. Rul. 2023-14. The Tax Division was not aware that the revenue ruling was forthcoming, but it confirms that the IRS has been considering its position on the tax treatment of "staking" rewards and developing guidance to clarify that position for taxpayers and practitioners going forward. Contrary to appellants' suggestion, however, issuance of this revenue ruling does not change the fundamental posture of this case. The Government previously conceded the case, allowed the refund claim, adjusted taxpayers' account to reflect an overpayment for 2019, and paid the requested refund. The Government cannot, and will not, recoup the refund as "erroneous" under I.R.C. § 7405. There is no continuing controversy over the refund claim that is the basis for this action.

　　　　Insofar as Rev. Rul. 2023-14 provides that staking rewards are generally taxable when the recipient gains dominion and control over them, it is at odds with appellants' argument that such rewards are taxable only when converted to sovereign currency.

Regardless of the treatment of appellants' staking rewards in other years, appellants are not entitled to maintain this suit for a refund of 2019 taxes. The District Court's jurisdiction here is limited to an action for "recovery" of taxes, 28 U.S.C. § 1346(a)(1), and appellants have recovered all the taxes they claim to have overpaid. Their stand-alone claim to enjoin the future assessment and collection of taxes on staking rewards is barred by the Anti-Injunction Act, which states that, with 13 enumerated exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." *See* I.R.C. § 7421(a). As those exceptions illustrate, Congress knows how to authorize injunctive relief with respect to federal taxes. A potential future dispute does not entitle the plaintiff in a refund suit to an injunction that prospectively restrains assessment and collection. If the IRS determines that appellants owe taxes for other years (I.R.C. § 6212(a)), appellants will then be able to contest that determination (§ 6213(a)) or pay the taxes and sue for a refund (§ 7422(a)).

                                           Sincerely yours,

                                           /s/ Ivan C. Dale

                                           IVAN C. DALE
                                           Attorney
                                           Appellate Section

Cc:    (*via CM/ECF*)
       Jeffrey M. Harris, Esq.
       Cameron T. Norris, Esq.
       Audrey Patten, Esq.